[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11419
Non-Argument Calendar

_____

D.C. Docket No. 7:19-cr-00011-HL-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DIDIER VELAZQUEZ-CALDERON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(January 24, 2020)

Before JORDAN, BRANCH, and FAY, Circuit Judges.

PER CURIAM:

Didier Velazquez-Calderon appeals his 24-month sentence for being an alien in the United States who was previously deported, in violation of 8 U.S.C. § 1326(a), on procedural and substantive reasonableness grounds. Velazquez-Calderon argues that his sentence was procedurally unreasonable because the district court failed to consider his acceptance of responsibility. Velazquez-Calderon argues that his sentence was substantively unreasonable because the district court put excessive weight on his prior illegal reentries and because his sentence was greater than that of similarly situated defendants. After a review of the record, we affirm.

## I. Background

A grand jury indicted Velazquez-Calderon with one count of being an alien in the United States who was previously deported, in violation of 8 U.S.C. § 1326(a). Velazquez-Calderon pleaded guilty without a plea agreement.

At Velazquez-Calderon's plea colloquy, he testified that he understood that a violation of § 1326(a) carried a statutory maximum sentence of two years' imprisonment. The government stated that if the case went to trial, it could show that Velazquez-Calderon was illegally present in the United States after having been removed three times. Velazquez-Calderon acknowledged that this factual contention was true. The district court informed Velazquez-Calderon that it was not bound by the Sentencing Guidelines and that it could impose any sentence

2

within the statutory range.  The court also informed Velazquez-Calderon that he could not "rely on any estimate made by anyone at this time as to what [his] sentence may be, and that [he] should not enter a plea of guilty in reliance on any such estimate."  Velazquez-Calderon indicated that he understood.  The court then accepted his plea.

Velazquez-Calderon's counsel requested an expedited sentencing, noting that the parties agreed that the applicable guideline range was zero to six months' imprisonment and that the most probable sentence would "be a time served sentence."  He also clarified that even though his client only had one misdemeanor conviction for illegal entry from 2011, he was subject to three separate removal orders.  This exchange followed:

> THE COURT: You say there's only one conviction.  Are you saying to me that the other illegal reentries don't count?
>
> [COUNSEL]: Well, Judge, those are administrative orders, so—
>
> THE COURT: Well, it is not the administrative order that concerns me. It's the act of reentry. And each time he came in, that was a crime; was it not?
>
> [COUNSEL]: [No response.]
>
> THE COURT: Well, yes, it was.  That's a violation of the law, whether he was prosecuted for it or not.  And that is part of the *allegata* to this Indictment to which he has pled guilty.  So this is his fourth illegal reentry; is that true? Yes.
>
> [COUNSEL]: I believe so, Judge, yes.

3

Both parties agreed to proceed without a presentence investigation report and the district court sentenced Velazquez-Calderon later that day. The court agreed with Velazquez-Calderon's counsel's calculation of the applicable guideline range of zero to six months' imprisonment. Velazquez-Calderon's counsel then noted that, while Velazquez-Calderon was in the country illegally, he spent his time working instead of committing additional crimes. Velazquez-Calderon's counsel stated that Velazquez-Calderon was in ICE custody for 33 days before being indicted, which was a violation of the "Speedy Trial Act," but that Velazquez-Calderon "did not want to litigate that issue," but instead wanted to accept responsibility and plead guilty. Velazquez-Calderon's counsel stated that he did not think that Velazquez-Calderon needed "any additional time in criminal custody" and asked for a sentence of time served so that he could be removed back to Mexico.

The court then stated that it had "considered the advisory guideline sentencing range and the sentencing factors found at [18 U.S.C. § 3553(a)] and . . . made an individualized assessment based on the facts presented." The court sentenced Velazquez-Calderon to 24 months' imprisonment with credit for time served in federal custody, including ICE detention—four times the Guidelines' range. The district court stated that it imposed a 24-month sentence because Velazquez-Calderon had come "into this country illegally four times" and that it

4

had "no reason to think that . . . [he] won't come back."  Velazquez-Calderon's counsel objected only "to the substantive reasonableness of the sentence."  Velazquez-Calderon timely filed a notice of appeal.

The district court prepared a statement of reasons for imposing a sentence above the advisory guideline range.  In the statement of reasons, the district court offered two justifications for the above Guidelines sentence: (1) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; and (2) to afford adequate deterrence to criminal conduct.

## II. Standard of Review

We typically review procedural reasonableness for abuse of discretion.  *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011).  However, errors not raised in the district court are subject to plain error review.  *United States v. Olano*, 507 U.S. 725, 731 (1993); *see also* Fed. R. Crim. P. 52(b).  "To prevail under the plain error standard, an appellant must show: (1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings."  *United States v. Ramirez-Flores*, 743 F.3d 816, 822 (11th Cir. 2014).  "An error is 'plain' if controlling precedent from the Supreme Court or the Eleventh Circuit establishes that an error has occurred."  *Id.*

We also review the substantive reasonableness of a sentence under the deferential abuse-of-discretion standard of review. *United States v. Osorio-Moreno*, 814 F.3d 1282, 1287 (11th Cir. 2016). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (*en banc*). "The party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015). We must affirm sentences if we think there is any way to view the sentence as reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007) ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."). "Unlike procedural reasonableness review, which focuses on the permissibility of relying on a particular factor, substantive reasonableness review broadly looks to whether the district court abused its discretion in weighing permissible § 3553(a) factors in light of the 'totality of the circumstances.'" *United States v. Sayad*, 589 F.3d 1110, 1118 (10th Cir. 2009) (citing *Gall*, 552 U.S. at 51). We review sentences imposed at the statutory maximum no differently, though we are

6

permitted to take the discrepancy between a sentence and the guidelines into account. *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009) ("Sentences outside the guidelines are not presumed to be unreasonable, but we may take the extent of any variance into our calculus.").

## III. Discussion

### A. Procedural Reasonableness

Valezquez-Calderon argues that the judge committed procedural error by not acknowledging the argument that he had accepted responsibility for his actions by forgoing a potentially-viable speedy trial defense. When reviewing a sentence for procedural reasonableness, we review whether the district court has committed a significant procedural error, such as miscalculating the guideline range, treating the Sentencing Guidelines as mandatory, failing to consider the § 3553(a) factors,[1] basing the sentence on clearly erroneous facts, or failing to adequately explain the

---

[1] 18 U.S.C. 3553(a) sets out mandatory sentencing factors a court must consider, including:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed education or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.

*United States v. Trailer*, 827 F.3d 933, 936 n. 2 (11th Cir. 2016).

sentence. *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016). Velazquez-Calderon's procedural reasonableness arguments are subject to plain error review because he objected to only the substantive reasonableness of the district court's sentence. *See Olano*, 507 U.S. at 731.

Velazquez-Calderon first asserts the district court committed procedural error by unjustifiably relying on one factor—his numerous deportations—as the basis for his sentence. It is true that "a district court's unjustified reliance on any one Section 3553(a) factor may be a symptom of an unreasonable sentence." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). However, this is a substantive reasonableness claim, not a procedural one. *See id*; *see also Sayad*, 589 F.3d at 1117–18 (distinguishing between procedural and substantive reasonable claims and analyzing unjustified reliance on a 3553(a) factor as the latter). We will thus analyze it below.

To the extent Velazquez-Calderon argues that the district court procedurally erred because it considered an improper factor or based the sentence on an erroneous fact, we are unpersuaded. The fact that Velazquez-Calderon had been deported several times was conceded at his plea colloquy. Velazquez-Calderon also admitted to the prosecution's recitation of the facts in his plea colloquy, including that he had been deported four times. Thus, it was not improper for the district court to consider this factor: "In assigning weight to the § 3553(a) factors

8

as part of the weighing process, a court may (and should) consider individualized, particularized, specific facts and not merely the guidelines label that can be put on the facts." *Rosales-Bruno*, 789 F.3d at 1260. Further, this particularized fact related to the nature and history of the defendant as well as the need for deterrence, both mandatory factors for a court to consider under § 3553. There was no procedural error here.

Velazquez-Calderon objects that given its prominence in his argument, the district court should have specifically considered his acceptance of responsibility in fashioning the sentence. But the district court expressly stated that it "made an individualized assessment based on the facts presented." By necessity, this individualized assessment included the argument counsel made regarding Velazquez-Calderon's acceptance of responsibility.[2] Moreover, "[a]lthough the district court must provide some explanation for the sentence, 'nothing . . . requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors.'" *United States v. Docampo*, 573 F.3d 1091, 1100 (11th Cir. 2009) (quoting *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir.2005)). Velazquez-Calderon framed his acceptance of responsibility argument as one concerning his "characteristics," which means it

---

[2] Indeed, there were few other facts presented that the district court *could* have considered. The sentencing hearing, and the argument from Velazquez-Calderon, was quite brief.

9

falls within the first § 3553 factor. *See* U.S.C. § 3553(a). Because the district court stated that it considered those factors and the facts presented, our case law does not require an explicit discussion of the argument on the record. There was no error here.

In sum, Velazquez-Calderon has not met his burden to show that the district court committed any procedural error, much less plainly erred.

B. Substantive Reasonableness

Velazquez-Calderon argues that the court erred by only considering one factor—the number of times Velazquez-Calderon had been deported—in arriving at its conclusion. We conclude, in this circumstance, the court's reliance on this factor is not erroneous. The weight given to any specific § 3553(a) factor is "committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (quoting *United States v. Williams*, 456 F.3d 1353, 1363 (11th Cir. 2006)). A district court does not abuse its discretion by giving substantial weight to a § 3553(a) factor if the ultimate sentence "was necessary to achieve the goals of sentencing." *Osorio-Moreno*, 814 F.3d at 1288; *see also United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009) ("The district court must evaluate all of the § 3553(a) factors when arriving at a sentence but is permitted to attach 'great weight' to one factor over others." quoting *Gall*, 552 U.S. at 57 (internal citations omitted)).

10

The district court acknowledged that it had considered the § 3553 factors. Accordingly, it was permitted to give more weight to one. *See United States v. Fox*, 926 F.3d 1275, 1282 (11th Cir. 2019) ("It is not an abuse of discretion to afford more weight to one of the § 3553(a) factors."). The district court properly considered Velazquez-Calderon's multiple deportations as evidence that his prior sentences had been ineffective in accomplishing the goals of sentencing— deterrence and promotion of respect for the law, among others. Accordingly, the weight given to his deportations was not an abuse of discretion. *See Osorio-Moreno*, 814 F.3d at1287–88 (upholding substantial upward variance because of a defendant's criminal history).

Velazquez-Calderon also argues that the judge erred in balancing the § 3553 factors by creating unwarranted sentencing disparities between defendants. For this contention, he cites to a study by the U.S. Sentencing Commission purporting to show that only 0.6% of illegal reentry cases result in upward variances. This argument and citation fail to meet Velazquez-Calderon's burden to demonstrate that the sentence was substantively unreasonable for several reasons. First, "[w]e doubt that a single study, or even a number of them, should be allowed to override a sentencing court's experience…" *Shaw*, 560 F.3d at 1239. Additionally, while a district court must consider the need to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar

11

conduct," 18 U.S.C. § 3553(a)(6), disparity does not exist if the defendant and codefendants are not "similarly situated." *Docampo*, 573 F.3d at 1101. Defendants with different criminal histories are not similarly situated. *See* 18 U.S.C. § 3553 (judges must examine disparity between defendants "with similar records"). Because the study does not indicate the criminal histories or other relevant character traits among the defendants it examines, we do not find it helpful to consider for our analysis. And lastly, other statistics cut against Velazquez-Calderon's argument:

> That the guidelines are in reality only advisory is made unmistakably clear by the fact that in the most recent year for which data is available more than half—54%—of the sentences imposed in federal court were outside the guidelines range. If sentencing outside the advisory guidelines range made a sentence substantively unreasonable, half of the sentences imposed in federal courts would be substantively unreasonable.

*Rosales-Bruno*, 789 F.3d at 1255–56 (citing the U.S. SENTENCING COMMISSION, *Statistical Information Packet, Fiscal Year 2014, Eleventh Circuit 11* tbl.8 (2015)).

Finally, Velazquez-Calderon argues the sentence was unreasonable because it was greater than necessary to accomplish the purposes of sentencing. We disagree: one of the purposes of sentencing is deterrence, *see* 18 U.S.C. § 3553(a)(2)(B), and the district court plainly had this purpose in mind when it sentenced Velazquez-Calderon. The district court was concerned that, without a more substantial sentence, Velazquez-Calderon would continue his illegal conduct.

12

*See United States v. Silva*, 443 F.3d 795, 799 (11th Cir. 2006) (upholding an upwards variance from 3–9 months to 24 months where defendant had violated his probation conditions multiple times).

The heart of Velazquez-Calderon's argument, it seems to us, is that it cannot be reasonable for a district court to sentence a defendant to four times the upper end of the guidelines range without listing extraordinary circumstances that justify that upward variance. We do not agree with that argument, particularly in this instance. We note that, while Velazquez-Calderon styles the departure as four times the guidelines range, the difference only amounts to 18 months. *See, e.g.*, *United States v. Turner*, 626 F.3d 566, 574 (11th Cir. 2010) (noting that the variance was 60 months rather than using a percentage); *Rosales-Bruno*, 789 F.3d at 1256 (determining a sentence variance was "major" because of the number of months, not the ratio to the guidelines). We have upheld far greater variances than this one. *See, e.g., United States v. Amedeo*, 487 F.3d 823, 833–34 (11th Cir. 2007) (upholding 120-month sentence where guideline range was 37–46 months); *United States v. Early*, 686 F.3d 1219, 1222 (11th Cir. 2012) (affirming 210 months for range of 78–97 months); *Turner*, 474 F.3d at 1273–1274, 1281 (affirming 240-month sentence where range was 51 to 63 and defendant had no criminal history). Moreover, the judge did not exceed the statutory maximum that Congress set for this crime. Finally, we cannot overlook the fact that the increase

in his sentence—four times the guidelines—matches the number of crimes that

Velazquez-Cruz had committed—four—without serving a sufficient sentence.  We

do not view this sentence as unreasonable.

## IV. Conclusion

The district court's sentence was not procedurally or substantively

unreasonable.  Velazquez-Calderon's conviction and sentence is thus

**AFFIRMED.**

JORDAN, Circuit Judge, concurring in the judgment:

Having illegally re-entered the country three times following removal, and having avoided criminal prosecution for two of those re-entries, Mr. Velazquez-Calderon cannot really complain about a variance somewhere above the advisory guideline range of 0-6 months' imprisonment. In my personal judgment, the district court's upward variance to the statutory maximum of 24 months was excessive, and essentially denied Mr. Velazquez-Calderon any benefit for his acceptance of responsibility. But we are reviewing for abuse of discretion, and my personal judgment does not control. Under that deferential standard, I agree with the court that there is no reversible error.