[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13188

_____

D.C. Docket No. 1:18-cr-20222-FAM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JACKIE BERNARD HARVEY,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 27, 2020)

Before ROSENBAUM, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Jackie Harvey appeals his sentence of a lifetime term of supervised release

after he pleaded guilty to failing to register as a sex offender, in violation of the Sex

Offender Registration and Notification Act ("SORNA") § 141(a)(1), 18 U.S.C. § 2250.  He contends that this sentence was procedurally unreasonable, because of an incorrect Sentencing Guidelines ("Guidelines") calculation and an inadequate justification for an upward variance.  He also asserts that his sentence is substantively unreasonable.

We previously remanded the case for the district court to clarify whether it relied on its statutory authority to impose the lifetime term of supervised release or whether it did so because of an erroneous Guidelines calculation.  At that time, we declined to consider Harvey's argument that his sentence was substantively unreasonable.

On remand, the district court clarified that Harvey's sentence did not result from a misapplication of the Guidelines.  As a result, we now conclude that his sentence was procedurally reasonable.  We also conclude that his sentence was substantively reasonable and thus affirm.

## I.

On September 3, 1997, a Georgia state court convicted Harvey of two counts of enticing a child for indecent purposes.  The court sentenced him to 20 years of confinement but ordered that he could serve 15 years of that term on probation.  Harvey was released from prison on April 1, 2002.  Since that conviction, Harvey

2

has been designated as a sex offender in Georgia. He must register with state authorities annually as well as within 72 hours of changing his sleeping location.

Harvey failed to register as a sex offender in 2017, and on August 23, 2017, the Dougherty County Sheriff's Department in Georgia issued a warrant for his arrest. As his counsel later explained, Harvey had been living in Georgia with his sister and his brother-in-law until his brother-in-law kicked him out. With nowhere else to go, Harvey drove to Miami, where he had some family. He initially lived in his car, which was parked in a relative's driveway, but he eventually started working at a Macy's in South Beach, Florida, and was able to rent an apartment. Harvey did not register as a sex offender in Florida.

In September 2017, the Florida Department of Law Enforcement informed the United States Marshals Service that Harvey had obtained a Florida driver's license with a Miami address. Harvey was indicted in the Southern District of Florida on March 23, 2018, for failing to register as a sex offender and update his registration as required by SORNA, in violation of 18 U.S.C. § 2250(a). He pleaded guilty on May 7, 2018, without a plea agreement.

The United States Probation Office's presentence report ("PSR") indicates that Harvey has been arrested multiple times for violating the probation and parole conditions imposed as a result of his 1997 conviction. He has also been convicted twice, in 2007 and 2013, for failing to register as a sex offender with local law-

3

enforcement authorities. Harvey last registered as a sex offender in December 2016, in Georgia.

According to the PSR, the Guidelines advised a sentence of 21 to 27 months in prison, followed by between five years and a lifetime of supervised release. The PSR also reported that the court had statutory authority to order a maximum of ten years in prison, *see* 18 U.S.C. § 2250(a), and between five years and a lifetime of supervised release, 18 U.S.C. § 3583(k). Neither the Government nor Harvey's counsel filed objections to the PSR.

Similarly, at sentencing, on July 16, 2018, neither Harvey's counsel nor the Government objected to the Guidelines calculations. Although the district judge stated that he was inclined to impose an above-Guidelines term of imprisonment, he ultimately sentenced Harvey to 27 months in prison, at the upper end of the Guidelines range. The judge explained that he had considered the Section 3553(a) factors and decided to impose a prison sentence lower than what he had originally intended because of Harvey's employment history and his counsel's discussion of the difficult circumstances in which he moved to Miami. Based on the nature of Harvey's original offense—which the judge described as caused by "a lifetime thing"—as well as Harvey's repeated probation violations and failures to register afterward, the court also imposed a lifetime term of supervised release. Harvey's

counsel objected to the imposition of the lifetime term of supervised release but not to the term of imprisonment or the Guidelines calculations.

Harvey filed a timely notice of appeal. He challenges only the term of supervised release imposed as part of his sentence, and he contends that it is both procedurally and substantively unreasonable. As part of his argument on procedural unreasonableness, he identifies—for the first time—an error in the PSR's Guidelines calculation.

As we have explained, Harvey pled guilty to violating 18 U.S.C. § 2250(a), the statute criminalizing a failure to register or update a registration that is required under SORNA. The statutory term of imprisonment for that violation is "not more than 10 years." 18 U.S.C. § 2250(a). The corresponding statutory term of supervised release for that violation is "any term of years not less than 5, or life." 18 U.S.C. § 3583(k).

When we look to the advisory Guidelines term of supervised release, however, it differs from the statutory term. Because the SORNA violation at issue carries a maximum prison sentence of ten years, 18 U.S.C. § 2250(a), the Guidelines would ordinarily specify between one and three years of supervised release. U.S.S.G. § 5D1.2(a)(2); *see* 18 U.S.C. § 3559(a)(3). But Section 5D1.2(c) provides that "[t]he term of supervised release imposed shall be not less than any statutorily required term of supervised release." U.S.S.G. § 5D1.2(c). And here, as we have explained,

5

the statutory term of supervised release is five years to life.  *See* 18 U.S.C. § 3583(k).

So the supervised-release portion of Harvey's Guidelines sentence should have been

a flat five years.  *See* U.S.S.G. § 5D1.2(c); *see also id.* § 5D1.2, cmt. n.6 (explaining,

in an example, that if "the relevant statute requires a minimum term of supervised

release of five years and a maximum term of life, the term of supervised release

provided by the guidelines is five years").

The PSR, however, erroneously specified that the upper bound of Harvey's

Guidelines sentence would designate a lifetime term of supervised release.  In doing

this, the PSR mistakenly relied on an enhancement that applies when the offense is

a "sex offense."  U.S.S.G. § 5D1.2(b)(2).  But the Guidelines provide that a failure

to register, which was Harvey's only conviction here, does not count as a "sex

offense."  *See id.* § 5D1.2, cmt. n.1.  Therefore, that enhancement should not have

been applied in this case.

The sentencing record did not clearly indicate whether the district court relied

on its authority under 18 U.S.C. § 3583(k) or the erroneous Guidelines calculation

in imposing Harvey's lifetime term of supervised release.  For this reason, we

previously remanded this case for the district court to clarify the basis for its

sentence.

Following our limited remand, the district court held a hearing on May 6,

2020.  The court noted the error in the PSR and observed that the applicable term of

6

supervised release under the Guidelines is five years. Although Harvey's counsel conceded that the court could impose a longer term, she argued for five years of supervised release. In support of this argument, she pointed to Harvey's efforts at rehabilitation—he secured a job after his recent release from prison—and the substantial burden of a lifetime on supervised release. Harvey also spoke and requested a lesser term of supervision. For its part, the Government requested that the court reaffirm the lifetime term.

The district judge explained that, in the original sentencing, he had intended to impose the maximum possible term of supervised release, regardless of the Guidelines recommendation. And he stated that he continued to be concerned about protecting the public. In this regard, the court pointed to Harvey's criminal history, which the court again described as caused by "a lifetime thing"—being a sex offender. The court also pointed to Harvey's history of failing to abide by his probation and registration requirements. For these reasons, the district judge stated that he continued to believe a lifetime term of supervised release was appropriate.

Because Harvey was being sentenced for a reporting violation under SORNA, rather than a sex offense, his counsel objected to the substantive reasonableness of a lifetime term of supervised release. But the court responded that the purpose of SORNA is to protect the public, and so Harvey's history as a sex offender was relevant, even if he was convicted of a reporting violation.

Following the hearing, the court entered an order stating that it would have sentenced Harvey to a lifetime term of supervised release, regardless of the Guidelines recommendation.

## II.

In our review of a district court's sentence, we first assess whether it was procedurally reasonable. *United States v. Fox*, 926 F.3d 1275, 1278 (11th Cir. 2019). This step includes determining whether the court calculated the Guidelines range correctly. *Id.* We review unpreserved objections to the court's Guidelines calculation for plain error. *See United States v. Joyner*, 899 F.3d 1199, 1207 (11th Cir. 2018). We may correct a plain error only when it affects the defendant's substantial rights, which ordinarily entails showing "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Id.* (internal quotation marks omitted) (quoting *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016)). If the sentence was procedurally reasonable, we then determine whether it was substantively reasonable by reviewing for abuse of discretion. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008).

## III.

We first consider Harvey's challenge to the procedural reasonableness of his sentence. The parties agree that the PSR miscalculated his term of supervised release under the Guidelines. However, Harvey did not object to this error during his

8

sentencing, and the parties disagree as to whether the error affected his substantial rights.

Although the Guidelines do not bind the district court's sentence, *United States v. Booker*, 543 U.S. 220, 245 (2005), their miscalculation ordinarily demonstrates a reasonable probability of prejudice, warranting reversal under plain-error review, *see Molina-Martinez*, 136 S. Ct. at 1346. But not always. "The record in a case may show, for example, that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range." *Id.*

In this case, the district court's order after our limited remand indicates that Harvey's lifetime term of supervised release did not result from misapplication of the Guidelines. Instead, the court would have imposed this sentence pursuant to its statutory authority, *see* 18 U.S.C. § 3583(k), regardless of the Guidelines' recommendation. As a result, the Guidelines error did not affect Harvey's substantial rights, and it does not warrant reversal under plain-error review. *See Joyner*, 899 F.3d at 1207. Here, that means that Harvey's sentence was procedurally reasonable.[1]

---

[1] We previously rejected Harvey's alternative argument that his sentence was procedurally unreasonable because the district court failed to explain its rationale for imposing a sentence above the Guidelines range. As we explained in ordering the limited remand, the district court's explanation for the sentence complied with the requirements under 18 U.S.C. § 3553(c)(2).

We now turn to the substantive reasonableness of Harvey's sentence.  We accord substantial deference to the sentencing court, and Harvey must show that his sentence is unreasonable considering the totality of the circumstances and the factors set forth under 18 U.S.C. § 3553(a).  *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).  In determining a term of supervised release, the relevant § 3553(a) factors include the following:  (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the applicable Guidelines range; (4) pertinent policy statements of the Sentencing Commission; and (5) the need to deter criminal conduct, protect the public from the defendant's future criminal conduct, provide the defendant with needed educational and vocational training or medical care, avoid unwarranted sentencing disparities, and provide restitution to victims.  18 U.S.C. §§ 3553(a), 3583(c).

The weight assigned to each of these factors is a matter of the district court's discretion, *United States v. Ramirez-Gonzalez*, 755 F.3d 1267, 1272–73 (11th Cir. 2014), and we will conclude that the sentence imposed is substantively unreasonable only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment."  *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (citation omitted).  The district court abuses its discretion when it fails to consider relevant factors that were due significant weight, gives an

improper or irrelevant factor significant weight, or commits a clear error of judgment by balancing proper factors unreasonably. *Id.* at 1189.

The district court did not abuse its discretion by sentencing Harvey to lifetime supervision. The sentencing transcript makes clear that the district court was especially concerned with both the nature of Harvey's original conviction and his history of probation and registration violations in the years afterward. Even though Harvey's immediate offense was a reporting violation under SORNA rather than a sex offense, it was within the court's discretion to weigh Harvey's history and characteristics more heavily than mitigating factors such as Harvey's employment status and the circumstances of his move to Miami. Furthermore, the district court did not altogether ignore the mitigating factors; indeed, the court reduced Harvey's term of imprisonment from what it had originally intended. We cannot say that the fact that the district court chose to factor those mitigating circumstances into the term of imprisonment, rather than the term of supervised release, was an abuse of discretion.

## IV.

For these reasons, we affirm the district court's sentence of a lifetime term of supervised release.

**AFFIRMED.**