[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-15082
Non-Argument Calendar
_____

D.C. Docket No. 0:16-cr-60274-BB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEX BERNADIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 7, 2020)

Before MARTIN, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Alex Bernadin appeals the district court's order sentencing him to 24-months imprisonment for violating the terms of his supervised release. Bernadin argues that his sentence is substantively unreasonable. After careful review, we affirm Bernadin's sentence.

**I.**

In 2017, Bernadin was sentenced to 21-months imprisonment followed by three years of supervised release for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). His supervised release began in May 2018. The terms of supervision required, among other things, that Bernadin not violate the law, maintain lawful employment, support dependents, perform 50 community service hours, and report to his probation officer.

In March 2019, the district court signed a Petition for Warrant or Summons for Offender Under Supervision, which alleged that Bernadin had violated the terms of his supervised release in four ways: (1) failing to refrain from violating the law by being charged with one count of attempted first-degree murder; (2) failing to refrain from violating the law by being charged with one count of possession of a firearm by a convicted felon; (3) failing to perform any of his 50 community service hours; and (4) failing to report to the probation officer. The

2

district court held a final revocation hearing, during which Bernadin admitted to violations two, three, and four. The government withdrew the first violation. Bernadin also admitted that the firearms violation arose from an altercation during which he fired shots in the presence of the mother of one of his children. After calculating the guideline range at 15 to 21 months imprisonment, the district court imposed the statutory maximum 24-month sentence with no supervision to follow. This is Bernadin's appeal.

## II.

We review the substantive reasonableness of a sentence imposed upon revocation of supervised release for abuse of discretion, based on the totality of circumstances. Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007); United States v. Sweeting, 437 F.3d 1105, 1106–07 (11th Cir. 2006) (per curiam). The district court has discretion to impose a sentence outside the guideline range, so long as the justification for the variance supports its degree. United States v. Irey, 612 F.3d 1160, 1196 (11th Cir. 2010) (en banc). We vacate a sentence as substantively unreasonable only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Id. at 1190 (quotation marks omitted).

3

Bernadin argues his 24-month sentence is substantively unreasonable because the district court overemphasized the violent nature of his firearms violation while failing to properly account for other aspects of his history and characteristics, including the fact that he has a newborn baby, he works three jobs to support his dependents, he obtained his GED while incarcerated, and he did not have any disciplinary infractions while incarcerated. We disagree.

Bernadin's family obligations and work history are good arguments in favor of a lower sentence. However, "it is within [the district court's] discretion to decide how much weight to give each of the § 3553(a) factors as long as it has not committed a clear error of judgment." United States v. Mateos, 623 F.3d 1350, 1368 (11th Cir. 2010). Here, the district court considered the factors emphasized by Bernadin, but ultimately determined that the violent nature of Bernadin's firearms violation as well as his failure to perform a single hour of community service in three years or report to probation as instructed outweighed them. The court explained that it found the violence "disturbing" and expressed concern that Bernadin was "continuing to engage in criminal conduct." We cannot say this constitutes an abuse of discretion. See United States v. Fox, 926 F.3d 1275, 1282 (11th Cir. 2019) ("It is not an abuse of discretion to afford more weight to one of the § 3553(a) factors."). For this reason, and because Bernadin's 24-month

4

sentence is a mere three months above the top-end of his guideline range, it is not substantively unreasonable.

**AFFIRMED.**