[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 24-11647

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KEVIN CHARLES UTNICK,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 1:23-cr-00354-ECM-KFP-1

————————————

Before JORDAN, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Kevin Utnick appeals his sentence of 100 months' imprisonment for knowingly and intentionally possessing with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1). Seeing no error, we affirm.

**I.**

In September 2022, the Dothan Police Department received a tip that Kevin Utnick was traveling to Phenix City, Alabama to buy drugs for a distribution ring in Dothan, Alabama. On Utnick's way back, the officers pulled him over, searched his vehicle, and found methamphetamine alongside drug paraphernalia. Utnick admitted that he had traveled to Dothan to purchase methamphetamine, and that he both used and sold drugs. The seized contraband totaled 68.4 grams of methamphetamine.

Later, in April 2023, officers executed a search warrant at Utnick's home. They seized more methamphetamine (9 grams), a Glock .45 caliber pistol, multiple boxes of live ammunition, digital scales, and other paraphernalia from his bedroom.

For the events of September 2022, a grand jury indicted Utnick for possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Utnick pleaded guilty without a plea agreement.

In its presentence investigation report, the Probation Office calculated Utnick's base offense level at 30. It added 2 levels under U.S.S.G. § 2D1.1(b)(1) for possessing a dangerous weapon in connection with the offense, but deducted 3 levels for Utnick's acceptance of responsibility, making his total level 29. Probation adjusted his Guidelines range from 87 to 108 months to 120 months' imprisonment to meet the statutory mandatory minimum for Utnick's offense given the weight of drugs seized. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); U.S.S.G. § 5G1.1(b).

Utnick filed multiple objections to the report. *First*, he objected to the factual allegations as to the amount of methamphetamine seized in April 2023. *Second*, he argued that the April 2023 events—including the recovery of a firearm from his bedroom—were not "relevant conduct" to the September 2022 offense. *Third*, Utnick objected to the firearm enhancement under § 2D1.1(b)(1) because the firearm was not relevant to the offense. *Fourth*, he contended that because the April 2023 events were not relevant conduct, he should have received a zero-point offender reduction under U.S.S.G. § 4C1.1. *Fifth* and finally, Utnick said he was entitled to safety-valve relief because he did not possess a gun in September 2022—the date of the charged offense.

At sentencing, Utnick expressly waived his first objection, conceding that the government provided a lab report showing the amount of seized methamphetamine. The district court then rejected each of Utnick's other objections. The court first determined that "the gun, the scales, plastic bags, hidden storage

compartments, et cetera" found in April 2023 were "consistent with drug trafficking" and "appropriately calculated as relevant conduct." Utnick acknowledged that his second and third objections hinged on the "very same or similar argument[s]" as the second. The district court overruled them for the same reasons. The court likewise determined that Utnick was ineligible for safety-valve relief.

Utnick was not without some luck. The government filed a motion under U.S.S.G. § 5K1.1 to recommend a one-level reduction for his substantial assistance. The government recommended a 100-month sentence, and the district court agreed. But the court stated that it was adopting the factual statements in the presentence investigation report, the "specific findings that the guidelines offense level is 29," that Utnick's criminal history category was I, and that "the advisory guideline range is 100 months."

Finally, the district court imposed 15 years' supervised release. The court referred to the Sentencing Reform Act of 1984, but did not mention 18 U.S.C. § 3553(a) or discuss its sentencing factors. Instead, the court varied upwards from the Guidelines' supervised-release recommendation because "that's what's appropriate considering you're only getting 100 months for this." Utnick objected to his sentence on the same grounds as the presentence investigation report.

This appeal followed.

## II.

In sentencing challenges like this one, we review "de novo the district court's interpretation of the guidelines and its application of guidelines to the facts," but review the district court's findings of fact for clear error. *United States v. Moran*, 778 F.3d 942, 959 (11th Cir. 2015) (italics omitted). "Whether a defendant possessed a firearm for purposes of § 2D1.1(b)(1) is a factual finding that we review under the clear-error standard." *United States v. George*, 872 F.3d 1197, 1204 (11th Cir. 2017).

We review the procedural and substantive reasonableness of a sentence for an abuse of discretion. *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011); *United States v. Fox*, 926 F.3d 1275, 1278 (11th Cir. 2019).

## III.

Utnick makes two arguments on appeal. *First*, he contends that the district court clearly erred in overruling his five objections to the presentence investigation report.[1] *Second*, Utnick asserts that his sentence was unreasonable. Neither argument is persuasive.

The Guidelines "provide that, if a dangerous weapon (including a firearm) was possessed during a drug-trafficking offense, then a defendant's offense level should be increased by two

---

[1] We need not address Utnick's fact-based objection to the weight of methamphetamine recovered from his home in April 2023 because he expressly waived it at sentencing. Nor is there any indication that the district court clearly erred.

levels, unless it is clearly improbable that the weapon was connected to the offense." *United States v. Stallings*, 463 F.3d 1218, 1220 (11th Cir. 2006). Conduct relevant to the offense "includes acts that were part of the same course of conduct or common scheme or plan as the offense of conviction." *Id.* (quotation omitted).

The district court did not clearly err in applying a two-level firearm enhancement under § 2D1.1(b)(1). To begin, "proximity between guns and drugs, without more, is sufficient to meet the government's initial burden under § 2D1.1(b)(1)." *United States v. Carillo-Ayala*, 713 F.3d 82, 91 (11th Cir. 2013). And the items seized from Utnick's bedroom in April 2023—a Glock .45 caliber pistol, multiple boxes of live ammunition, methamphetamine, and digital scales, among other things—represent "conduct associated with the offense of [Utnick's] conviction" for drug trafficking. *George*, 872 F.3d at 1204. As Utnick cannot show that the connection between the firearm and offense was "clearly improbable," the district court did not clearly err in applying the enhancement.

Utnick's other objections fail as a result. Because the district court did not clearly err in applying the firearm enhancement, he was not entitled to a zero-point offender reduction. *See* U.S.S.G. § 4C1.1(a)(7).

Nor is Utnick entitled to safety-valve relief. Qualifying for § 2D1.1(b)(1)'s enhancement, Utnick bore the burden of showing that it was "more likely than not that [his] possession of the firearm was not in connection with the offense." *United States v.*

24-11647                Opinion of the Court                7

*Carrasquillo*, 4 F.4th 1265, 1272 (11th Cir. 2021).  This Court has said that a "defendant seeking relief under the safety valve, despite his possession of a weapon found in proximity to drug-related items, will have a difficult task in showing that, even so, there is no connection with the drug offense." *Carillo-Ayala*, 713 F.3d at 92.  The district court did not clearly err in determining that Utnick did not meet that high benchmark.

Utnick next contends that his 100-month sentence was unreasonable.  Though he styles his challenge as one of substantive reasonableness, it is a procedural challenge because Utnick quarrels with how the district court calculated his Guidelines range, as well as the way in which it failed to properly consider the § 3553(a) factors.[2]  Even still, Utnick's argument falters.  And because he raises it for the first time on appeal, we review for plain error.  *See United States v. Owens*, 96 F.4th 1316, 1320 (11th Cir. 2024).

Utnick fails to satisfy this "much tougher standard" because he cannot show that the district court's failure to consider the § 3553(a) factors "affected his substantial rights."  *Id.* (quotation omitted).  That is because Utnick fails to prove that "there is a reasonable probability of a different result" if the district court had

---

[2] Even if construed as a substantive challenge, Utnick's claim fails.  Given the "totality of the circumstances and the 18 U.S.C. § 3553(a) factors," the district court's downward departure from the statutory minimum was within the Guidelines.  *See Fox*, 926 F.3d at 1278; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii).  The sentence was not an abuse of discretion.

8                    Opinion of the Court                    24-11647

considered the necessary factors. *United States v. Rodriguez*, 398 F.3d 1291, 1301 (11th Cir. 2005).

Utnick's offense carried a statutory minimum sentence of 120 months' imprisonment. The district court deviated downwards only upon the government's § 5K1.1 substantial-assistance motion. The court conveyed that but for the government's motion, it would have sentenced Utnick to 120 months in prison. It follows that Utnick cannot show a "reasonable probability of a lesser sentence." *United States v. Underwood*, 446 F.3d 1340, 1344 (11th Cir. 2006).

                    ★        ★        ★

We **AFFIRM**.