[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————————

No. 25-10362

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JERRY WILLIAM MARCLE,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:24-cr-00221-WWB-EJK-1

————————————————

Before JORDAN, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

While on supervised release, appellant Jerry William Marcle used cocaine and marijuana and failed to participate in required substance abuse treatment. The district court revoked his supervised release and imposed a sentence of seven months' incarceration followed by a 29-month term of supervised release. On appeal, Marcle argues that the revocation sentence is unreasonable. After careful consideration, we affirm.

**I.**

In 2019, Marcle pleaded guilty to conspiracy to distribute and to possess with the intent to distribute methamphetamine. The district court imposed a sentence of 40 months' imprisonment to be followed by a three-year term of supervised release.

While on supervised release, Marcle had to comply with certain conditions. He could not commit another crime or unlawfully possess a controlled substance. He also had to answer truthfully his probation officer's questions, live in a place his probation officer approved, work at least 30 hours per week, participate in a substance abuse and mental health treatment program, and submit to random drug tests.

In January 2022, Marcle completed his custodial sentence and began his term of supervised release. He participated in a substance abuse and mental health treatment program, which he completed in October 2022.

While on supervised release, Marcle tested positive for drugs on several occasions. In May 2022, less than four months after being released from prison, he tested positive for cocaine. He admitted to his probation officer that he used cocaine and was having trouble with his coping skills and impulsivity. After this violation, the probation officer required him to submit to more frequent drug tests.

In April 2024, Marcle admitted to his probation officer that he had smoked marijuana but denied using other drugs. He expressed remorse, explaining that he had a lapse in judgment and had been struggling with depression. The probation officer verbally reprimanded him, reminded him of the conditions of his supervised release, and directed him to resume participation in a substance abuse and drug treatment program.

After Marcle admitted to smoking marijuana, his probation officer required him to provide a urine sample for a drug test. He tested positive for marijuana and cocaine. The urine sample also tested positive for oxidizing agents, which indicate an attempt to tamper with or alter the sample. He later admitted that he had used cocaine but denied tampering with the sample.

About three months later, in July 2024, Marcle admitted to his probation officer that he had again smoked marijuana but denied using any other drugs. He was verbally reprimanded and reminded of the conditions of his supervised release, including participation in a substance abuse and mental health treatment

program. He was given a drug test and tested positive for both marijuana and cocaine.

After each of the April and July 2024 incidents, Marcle was directed to enroll in a drug treatment program. In September 2024, he was discharged from the drug treatment program because he failed to show up for his therapy appointments.

When he was discharged from the treatment program, his probation officer petitioned the district court for an arrest warrant. The petition alleged that Marcle violated the terms of his supervised release when: he (1) used marijuana in April 2024, (2) used cocaine in April 2024, (3) used marijuana in July 2024, (4) used cocaine in July 2024, and (5) failed to participate in a substance abuse and mental health treatment program.

Along with the petition for Marcle's arrest, the probation office submitted a memorandum advising the court of the sentencing options available if it found that Marcle violated the terms of his supervision. The memorandum explained that the court could continue his current supervised release or extend its term. Alternatively, the court could revoke supervised release and impose a term of incarceration of up to two years. *See* 18 U.S.C. § 3583(e). The memo noted that if the court revoked supervised release and imposed a custodial sentence, it could order a new term of supervised release to follow that sentence. The probation office advised that under the Sentencing Guidelines, Marcle's guideline range was three to nine months' imprisonment.

Based on the probation officer's petition, the court issued an arrest warrant. Marcle was arrested and held in custody pending a revocation hearing. Before the revocation hearing, the probation officer recommended that, if the court found violations of the conditions of Marcle's supervised release, it revoke his supervised release and sentence him to nine months' imprisonment. She recommended a sentence at the high end of the guideline range because of the "nature of the violations and Marcle's conduct while on supervised release." Doc. 23 at 2.[1] The probation officer did not recommend a term of supervised release to follow the custodial sentence because Marcle was not "amenable to supervision." *Id.*

At the revocation hearing, Marcle admitted to violating the terms of his supervised release. The court announced that the applicable guideline range for his violations was three to nine months' imprisonment. It recited that the statutory maximum custodial sentence was two years' imprisonment, and the statutory maximum term of supervised release was three years.

Marcle asked the court to sentence him to three months' imprisonment with no supervised release to follow. He pointed to his accomplishments since his release from prison, including that he had cut off contact with friends from the time of his initial arrest and maintained employment. Most importantly, he had reunited with his 16-year-old son and was raising the child as a single parent.

---

[1] "Doc." numbers refer to the district court's docket entries.

Marcle admitted that he struggled with substance abuse and asked the court to consider that relapse was a part of recovery. He tied his substance abuse to the circumstances of his traumatic childhood. When he was three years old, he was placed into foster care because of his mother's drug addiction. While in foster care, he was subjected to physical and mental abuse. His mother later regained custody, but she, too, physically abused him. At just 12 years old, he left home and moved in with a friend. He also detailed the tumultuous situation that led him to relapse. He explained that his former girlfriend brought a firearm into their home despite agreeing not to do so. When his probation officer learned about the firearm, Marcle was given 24 hours to find a new place to live, which placed him under enormous stress and led to his relapse.

Marcle admitted that he failed to attend the substance abuse treatment as ordered by his probation officer. He said that he could not participate because the program conflicted with his work hours. He explained that he was forced to choose between working to provide for his son and participating in his own treatment, and he chose to provide for his son.

Marcle told the court that he had learned his lesson while being detained awaiting his revocation hearing because he had been forced to separate from his son for a second time. He promised that he would not engage in future criminal conduct, saying he understood that he would receive a lengthy prison sentence if he were caught with drugs in the future.

The government urged the court to impose a sentence of seven months' imprisonment with no supervised release to follow. It emphasized the seriousness of Marcle's conduct, noting that he tested positive for cocaine on multiple occasions while on supervised release, he had not told the truth to his probation officer about his cocaine use, there was evidence that he tampered with a urine sample, and he failed to participate in required drug treatment.

The court considered the parties' positions. It acknowledged that addiction was a chronic, recurring disease. It added that Marcle could manage his addiction with the tools provided, but he had to want to help himself. Until he was ready to stop using drugs, the court said, there was nothing anyone else could do to stop him. The court noted that he had shown an inability or unwillingness to stop using drugs even while on supervised release. It also emphasized the importance of Marcle's participation in drug treatment, because he could not be a good father or worker if he was on drugs. After looking at the facts of the case and considering the sentencing factors set forth at 18 U.S.C. § 3553(a), the court revoked Marcle's supervised release and sentenced him to seven months' imprisonment followed by 29 months of supervised release.

After the court announced the sentence, Marcle asked about the new term of supervised release. The court explained that it imposed the term of supervised release to ensure that Marcle continued moving forward and received needed treatment. The court reiterated that it had considered the § 3553(a) factors and that the

sentence imposed was sufficient but not greater than necessary to comply with the statutory purposes of sentencing.

This is Marcle's appeal.

## II.

"We review the substantive reasonableness of a sentence for an abuse of discretion." *United States v. Butler,* 39 F.4th 1349, 1354–55 (11th Cir. 2022)*; United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008) (applying same standard of review to a sentence imposed on revocation of supervised release).

## III.

Marcle argues that the revocation sentence is substantively unreasonable. We begin by reviewing general principles that apply in the revocation of supervised release context.

When a defendant violates a condition of supervised release, a district court generally has several options, including extending or revoking his term of supervised release.[2] 18 U.S.C. § 3583(e). If the court revokes supervised release, it may order that the defendant "serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release." *Id.* § 3583(e)(3). The court also may "require[] that the defendant be placed on a term of supervised release after

---

[2] For certain types of supervised release violations, a district court is required to revoke the term of supervised release and impose a term of imprisonment. *See* 18 U.S.C. § 3583(g). Marcle's supervised release violations in this case did not require the district court to revoke his supervised release.

imprisonment." *Id.* § 3583(h). The new term of supervised release cannot be longer than "the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." *Id.*

When deciding whether to modify or revoke a defendant's term of supervised release, a district court must consider the following § 3553(a) factors: the nature and circumstances of the offense; the defendant's history and characteristics; the need to deter criminal conduct, protect the public, and provide the defendant with necessary educational or vocational training, medical care, or other correctional treatment; the kind of sentence and the sentencing range established by applicable guidelines or policy statements; pertinent policy statements; the need to avoid unwarranted sentence disparities; and the need to provide restitution to victims. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7); 3583(e). Under the Sentencing Guidelines, a defendant's advisory guideline range for a supervised release violation is determined based on the grade of the supervised release violation[3] and his criminal history category. *See* U.S. Sent'g Guidelines Manual § 7B1.4.

---

[3] The Sentencing Guidelines divide supervised-release violations into three grades. Grade A violations include conduct constituting "a federal, state, or local offense punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) a controlled substance offense, or (iii) involves possession of a firearm or destructive device." U.S.S.G. § 7B1.1(a)(1). Grade A violations also include conduct constituting "any other federal, state, or local

Marcle does not challenge the district court's decision to revoke his supervised release and impose a custodial sentence of seven months. He does, however, challenge the court's imposition of a 29-month term of supervised release to follow the custodial sentence. He argues that the supervised release portion of his sentence was "akin to an upward variance," Appellant's Br. 9, because his guidelines range was a custodial sentence of three to nine months without any term of supervised release. *See* U.S.S.G. § 7B1.4. He also argues that in imposing the new term of supervised release, the district court gave insufficient weight to his history and characteristics and improperly disregarded the parties' agreement and his probation officer's recommendation that the court impose a custodial sentence with no supervised release to follow.

We will reverse a sentence for substantive unreasonableness "only if[] we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (internal quotation marks omitted). "[T]he weight given to any specific

---

offense punishable by a term of imprisonment exceeding twenty years." *Id*. Grade B violations involve "conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year." *Id*. § 7B.1.1(a)(2). Grade C violations involve conduct constituting "a federal, state, or local offense punishable by a term of imprisonment of one year or less" or "a violation of any other condition of supervision." *Id*. § 7B1.1(a)(3).

§ 3553(a) factor is committed to the sound discretion of the district court." *United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016). When the district court imposes an upward variance, it "must have a justification compelling enough to support the degree of the variance and complete enough to allow meaningful appellate review." *United States v. Early*, 686 F.3d 1219, 1221 (11th Cir. 2012). The party challenging the sentence bears the burden of showing that it is substantively unreasonable. *United States v. Boone*, 97 F.4th 1331, 1338–39 (11th Cir. 2024).

We begin with Marcle's argument that his sentence involved an upward variance because his guidelines range was a custodial sentence of three to nine months, yet the court imposed a custodial sentence within that range plus a term of supervised release. Assuming without deciding that he is correct that we should consider this as an upward variance, we conclude that the district court did not abuse its discretion. The court provided sufficient justification for imposing the new term of supervised release to follow the custodial sentence by noting Marcle's personal circumstances and the need for additional treatment and supervision to ensure that he did not return to using drugs.[4]

---

[4] Marcle suggests that the district court may have erroneously believed that the Sentencing Guidelines recommended a 29-month term of supervised release. We disagree. At the revocation hearing, the district court reviewed the applicable guidelines range, said that it was between "three and nine months," and did not mention any term of supervised release. Doc. 36 at 4. This statement shows that the court understood that the applicable guidelines range included no term of supervised release.

Moreover, the district court's decision to include a 29-month term of supervised release was reasonable. Boiled down, Marcle's challenge to the new term of supervised release amounts to a disagreement with how the district court balanced the applicable § 3553(a) factors. But the decision about how much weight to assign a particular factor is committed to the sound discretion of the district court. *See Croteau*, 819 F.3d at 1310.

Marcle says that in weighing the § 3553(a) factors the district court should have considered that he "had succeeded in supervised release for over two and a half years." Appellant's Br. 13. Certainly, there is evidence that he made progress in turning his life around while on supervised release. He was raising his son and maintained employment. But the district court was not required to look past other evidence showing that Marcle nevertheless continued to struggle with his drug addiction while on supervised release. He had multiple positive drug tests for cocaine and/or marijuana and was not entirely truthful with his probation officer about his cocaine use. On top of that, he admitted to his probation officer that at least one of his relapses was tied to his depression, yet he failed to participate in the required substance abuse and mental health treatment. Given this record, we cannot say that the district court abused its discretion in imposing a 29-month term of supervised release to follow his custodial sentence.[5]

---

[5] We note that after serving one year of supervised release, Marcle may ask the court to end his term of supervised release early. *See* 18 U.S.C. § 3583(e)(1).

In arguing that his sentence was unreasonable, Marcle points out that he, the government, and his probation officer all asked that the court impose a sentence with no term of supervised release. Notably, though, the parties had different perspectives on the appropriate length of a custodial sentence: Marcle asked for three months, the government sought seven months, and the probation officer recommended nine months. It is not clear from the record that the probation officer would have recommended no term of supervised release if she had known that the court would impose a custodial sentence of seven months. In any event, even if there was agreement among Marcle, the government, and the probation officer that the sentence should not include supervised release, the district court was not required to defer to this agreement. *See, e.g.*, *United States v. Fox*, 926 F.3d 1275, 1278, 1282 (11th Cir. 2019).

Because we are left with no definite and firm conviction that the district court committed a clear error of judgment when it included a 29-month term of supervised release as part of the revocation sentence, we conclude that Marcle's sentence was substantively reasonable. *See Irey*, 612 F.3d at 1190.

**AFFIRMED.**

---

The district court, after considering the relevant § 3553(a) factors, may terminate the supervised release early "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *Id.*