[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 24-12829

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

GLENDON ARNOLD CARPENTER, JR.,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 3:23-cr-00264-ECM-JTA-1

————————————————

Before ROSENBAUM, ABUDU, and TJOFLAT, Circuit Judges.

PER CURIAM:

Glendon Arnold Carpenter appeals his sentence of 240 months' imprisonment for transporting a minor in interstate commerce with the intent that the minor engage in sexual activity. Carpenter argues that his sentence is substantively unreasonable. After careful review, we affirm.

**I.**

In July 2023, police in Phenix City, Alabama, responded to a report of a missing juvenile. The child's bedroom window was open, and her parents indicated she had been communicating online with Carpenter, an adult man from Kentucky. Law enforcement located the juvenile with Carpenter at a restaurant in Kentucky, where he was arrested.

In a post-*Miranda* interview, Carpenter admitted that he traveled to Alabama, helped the victim leave her home through a window at night, and transported her to Kentucky, where they engaged in sexual activity. The victim, who was autistic, told investigators she met Carpenter online during a period of depression and family stress. She believed that Carpenter was 34 years old. Carpenter gave her a cellphone and a ring to symbolize their engagement

A federal grand jury indicted Arnold Carpenter for knowingly transporting a minor across state lines with intent that she

engage in unlawful sexual activity, in violation of 18 U.S.C. § 2423(a). Carpenter pleaded guilty without a plea agreement.

The Presentence Investigation Report (PSI) calculated a total offense level of 33 and a criminal history category of I, yielding a Guidelines range of 135 to 168 months. The Government sought an upward variance of 240 months, emphasizing the victim's vulnerability and Carpenter's grooming behavior.

At sentencing, the District Court sentenced Carpenter to 240 months' imprisonment followed by supervised release for life. The Court said it reviewed all documents and evidence submitted to the Court—including "every minute of [Carpenter's] six and a half hour interview video." The Court went further and said,

> I'm looking at the 3553(a) factors, and I am compelled by the need to deter you specifically and others from this type of conduct, to adequately punish you for the enormity of the wrong that you have done, to protect the public from similar crimes—either from you or from others but particularly from you—and to avoid unwarranted sentencing disparities. And I'm looking at what other individuals would likely get for a sentence in a case where they have taken a child from her home and raped her. I don't find that the offense level adequately captures the enormity of your crime here, and I'm granting the government's motion for an upward variance in this case.
>
> . . .

Specifically, Mr. Carpenter, your conduct in this case was egregious. You took advantage of a vulnerable girl with autism and mental health issues and a difficult home life. You tried to convince her that you were her savior when, in fact, you were her victimizer.

## II.

We review the reasonableness of a sentence for abuse of discretion. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). A District Court abuses its discretion if it (1) fails to consider a relevant factor entitled to significant weight, (2) gives weight to an improper or irrelevant factor, or (3) makes a clear error of judgment in weighing proper factors. *Id.*

Carpenter has not shown that the District Court abused its discretion in imposing a 240-month sentence. Although the sentence represented a 72-month upward variance from the Guidelines' top-end of 168 months, a "major variance" under *Irey*, it was still well below the statutory maximum of life. *See id.*; *United States v. Castaneda*, 997 F.3d 1318, 1332 (11th Cir. 2021). The District Court gave compelling and detailed reasons that justified the variance. *See id.* at 1331–33.

Carpenter's claim that the Court gave insufficient weight to mitigating factors is unpersuasive. The Court explicitly stated it considered all evidence and balanced aggravating and mitigating factors. It acknowledged Carpenter's lack of criminal history and acceptance of responsibility but found the conduct egregious enough to warrant the sentence imposed. The weight given to

mitigating evidence is a matter for the sentencing court, and we do not reweigh it on appeal. *See United States v. Langston*, 590 F.3d 1226, 1237 (11th Cir. 2009).

Nor did the Court err in rejecting Carpenter's argument that the Guidelines fully accounted for his conduct. The Guidelines are advisory and only one factor under § 3553(a). *Kimbrough v. United States*, 552 U.S. 85, 90, 128 S. Ct. 558, 564 (2007). Considering the totality of the circumstances, the upward variance was reasonable. *See United States v. Fox*, 926 F.3d 1275, 1278 (11th Cir. 2019).

Carpenter's final argument—that the Court failed to address sentencing disparities—also fails. The Court expressly considered that factor, noting comparisons to defendants who had "taken a child from her home and raped her." How much weight to give that factor was within the District Court's discretion. *See United States v. Dougherty*, 754 F.3d 1353, 1361–62 (11th Cir. 2014). Carpenter's reliance on median sentences under § 2G1.3 does not show that the individualized sentence here was substantively unreasonable.

### III.

For these reasons, we affirm the District Court's sentence.

**AFFIRMED.**