[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13795

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ABRAHAM S. GUTTERMAN,
a.k.a. Abe Katz,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:15-cr-20373-CMA-1

_____

Before NEWSOM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Abraham Gutterman appeals his thirty-five-month term of supervised release, imposed on revocation of his original term of supervised release. On appeal, he argues that the district court abused its discretion in imposing a substantively unreasonable sentence by failing to properly consider the 18 U.S.C. § 3553(a) factors. We disagree and therefore affirm Gutterman's sentence.

## I.

We review the reasonableness of a sentence imposed on revocation of supervised release for abuse of discretion. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). The party challenging the sentence bears the burden to show that the sentence is unreasonable based on the record and the 18 U.S.C. § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The district court may revoke a defendant's term of supervised release where it finds, by a preponderance of the evidence, that the defendant violated a condition of his supervised release. 18 U.S.C. § 3583(e)(3). Then, after considering the factors in 18 U.S.C. § 3553(a), the court may require a defendant who originally committed a Class C felony, like Gutterman, serve up to "two years in prison," *id.*, and "three years of supervised release" "less any term of imprisonment" imposed, *id.* § 3583(b)(2), (h).

The district court must evaluate all Section 3553(a) factors, but the weight given to each factor is within the court's sound discretion. *United States v. Ramirez-Gonzales*, 755 F.3d 1267, 1272 (11th Cir. 2014). And the district court need not "state on the record that it has explicitly considered each of the [Section] 3553(a) factors." *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). Instead, the court's acknowledgment that it considered the Section 3553(a) factors and the parties' arguments is sufficient. *United States v. Taylor*, 997 F.3d 1348, 1354−55 (11th Cir. 2021). Without clear error, we will "not reweigh relevant factors," substituting our judgment for that of the district court's. *United States v. Langston*, 590 F.3d 1226, 1237 (11th Cir. 2009).

## II.

Gutterman's term of supervised release is reasonable. At the revocation hearing, Gutterman admitted violating a condition of his supervised release. The district court revoked Gutterman's supervised release and acknowledged that the maximum sentence upon revocation was two years' imprisonment, and three years' supervised release less the term of imprisonment imposed. It noted that the Guidelines recommended six to twelve months' imprisonment. The court listened to argument and recommendations from the government, defense counsel, and Gutterman's probation officer. For its part, the government recommended one year of supervised release including six months in a halfway house. Then, having "considered the statutory factors in this case" and "the recommendations of the parties and probation," the court sentenced

Gutterman to time served and thirty-five months' supervised release, including three months in a halfway house.

The court's acknowledgment that it considered the Section 3553(a) factors and the parties' arguments suffices. *Taylor*, 997 F.3d at 1354–55. That the government recommended a shorter period of supervised release does not render the sentence substantively unreasonable. *See United States v. Fox*, 926 F.3d 1275, 1282 (11th Cir. 2019) (affirming the substantive reasonableness of a sentence above the government's recommendation).

Gutterman is asking this court to reweigh the Section 3553(a) factors, which we must decline. *Langston*, 590 F.3d at 1237. The district court did not err in weighing the relevant factors, nor is Gutterman's sentence outside the reasonable range of sentences. Accordingly, the district court did not abuse its discretion in imposing a below-guidelines thirty-five-month term of supervised release.

**III.**

We **AFFIRM**.