[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12519
Non-Argument Calendar
_____

D.C. Docket No. 5:14-cr-00027-CAR-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODREQUIST WARREN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(April 21, 2016)

Before ED CARNES, Chief Judge, TJOFLAT, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Rodrequist Warren pleaded guilty to one count of illegally receiving a

firearm while under indictment for robbery by intimidation, in violation of 18

U.S.C. §§ 922(n), 924(a)(1)(D).  The district court accepted the plea and imposed a sentence below the guideline range.  On appeal, Warren's only contention is that the district court erred in applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(4)(B) for his possession of a firearm that "had an altered or obliterated serial number."

At some point, the gun that Warren possessed had its serial number imprinted at two locations:  on its frame and on its slide.  When Warren was arrested the serial number on the gun's frame was intact, while the serial number on its slide had been altered or obliterated.  The question, one of first impression in our circuit, is whether § 2K2.1(b)(4)(B) applies when only one of two or more serial numbers on a gun has been altered or obliterated.

We review de novo the interpretation of a sentencing guideline, United States v. Barakat, 130 F.3d 1448, 1452 (11th Cir. 1997), and we use "traditional rules of statutory construction to interpret a guideline," United States v. Mandhai, 375 F.3d 1243, 1247 (11th Cir. 2004).  Under those rules, "[a] guideline's meaning is derived first from its plain language and, absent ambiguity, no additional inquiry is necessary."  Id.  "We generally presume the inclusion or exclusion of language in the [g]uidelines is intentional and purposeful."  United States v. Cruz, 713 F.3d 600, 607 (11th Cir. 2013).

2

The guidelines require only that the firearm in question "had <u>an</u> altered or obliterated serial number."  U.S.S.G. § 2K2.1(b)(4)(B) (emphasis added).  As the First Circuit has recently explained, that language "does not require that <u>all</u> of the gun's serial numbers be so affected."  <u>United States v. Serrano-Mercado</u>, 784 F.3d 838, 850 (1st Cir. 2015).  We have said in other contexts that "[i]n common terms, when 'a' or 'an' is followed by a restrictive clause or modifier, this typically signals that the article is being used as a synonym for either 'any' or 'one.'"  <u>United States v. Alabama</u>, 778 F.3d 926, 932 (11th Cir. 2015).  For example, if a speaker says, "Give me <u>an</u> apple," most reasonable listeners would interpret that as, "Give me <u>any</u> apple," or, "Give me <u>just one</u> apple."  Read in that fashion, the § 2K2.1(b)(4)(B) enhancement applies either when <u>any</u> serial number on a gun has been altered or obliterated or when <u>just one</u> serial number has been altered or obliterated.  Warren loses under either reading because one of the serial numbers on his gun was altered or obliterated.  The enhancement applies in this case.

Despite the clear result of that plain language reading, Warren argues that we should read the enhancement <u>in pari materia</u> with 18 U.S.C. § 922(k), which criminalizes possessing "any firearm which has had the importer's or manufacturer's serial number" altered or obliterated.  Although he was not convicted under § 922(k), Warren argues that we should read the guidelines in light of the statute because both cover the same subject matter.  Under Warren's

3

favored reading, § 2K2.1(b)(4)(B) should apply only when the importer's or manufacturer's serial number has been altered or obliterated, and not when some other serial number has been altered or obliterated.

That argument fails because courts generally apply in pari materia only when a legal text is ambiguous. See Ala. Educ. Ass'n v. State Superintendent of Educ., 746 F.3d 1135, 1158 (11th Cir. 2014) ("Courts generally turn to an in pari materia analysis to resolve a statutory ambiguity . . . .") (quotation marks and alterations omitted); Martin v. United States, 389 F.2d 895, 897 n.5 (5th Cir. 1968) (stating that when the statute was "neither patently nor latently ambiguous . . . there is no need to resort to in pari materia constructions"); Brown v. State, 848 So. 2d 361, 364 (Fla. 4th DCA 2003) ("[T]he 'in pari materia' canon of statutory construction would be appropriate only if we found the statute ambiguous . . . ."); State v. Nix, 469 S.E.2d 497, 499 (Ga. Ct. App. 1996) (explaining that "in pari materia may not be resorted to where the language of the statute under consideration is clear") (quotation marks omitted).  Because the text of § 2K2.1(b)(4)(B) is not ambiguous, we need not resort to an in pari materia reading.

Finally, Warren argues that the serial number on the slide of his gun was not, strictly speaking, a serial number at all because it was not required by federal regulations.  He describes a "serial number" as just "a number that is put on a

4

product and that is used to identify it." Here, a number was put on the slide of

Warren's gun and that number was used to identify it. Under Warren's own

definition, it qualifies as a serial number for purposes of the guideline

enhancement. The fact that the number was not required by federal regulations is

irrelevant.

**AFFIRMED.**