[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10142
Non-Argument Calendar
_____

D.C. Docket No. 3:17-cr-00030-MCR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRANDEN LAVON MILLENDER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(October 15, 2019)

Before TJOFLAT, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

Branden Lavon Millender appeals his 84-month sentence for being convicted as a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).  On appeal, he argues that the district court clearly erred in applying a four-level enhancement under the Sentencing Guidelines, U.S.S.G. § 2K2.1(b)(4)(B), after finding that he possessed a firearm with an altered serial number.  He also argues that the district court clearly erred when it refused to apply a three-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility.  After careful review of the parties' briefs and the record, we affirm.

I

In the Sentencing Guidelines context, we review issues of statutory interpretation de novo, factual findings for clear error, and the "application of the guidelines to the facts with due deference," which is "tantamount to clear error review."  *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010) (internal quotation mark omitted).  We "must be left with a definite and firm conviction that a mistake has been committed" to find clear error.  *Id.*

A defendant convicted of a firearm offense receives a four-level increase if the firearm has "an altered or obliterated serial number."  U.S.S.G. § 2K2.1(b)(4)(B).  The focus of the parties' briefs is the proper interpretation of "altered" within the meaning of § 2K2.1(b)(4)(B).  Everyone agrees that the serial number was severely scratched but legible; they disagree about whether a severely

2

scratched but legible serial number is "altered" under the guideline. Millender argues that "altered or obliterated" means "materially changed in a way that makes accurate information less accessible," and that "significant alteration" is necessary. The government defends the district court's interpretation of "altered": "changed in some way." The Sentencing Commission has not defined "altered" (or "obliterated") for purposes of this enhancement. Therefore, we will consult the traditional rules of statutory construction. *United States v. Warren*, 820 F.3d 406, 407 (11th Cir. 2016) (per curiam). The statute's words generally take their ordinary meaning from the time of enactment. *New Prime Inc. v. Oliveira*, 586 U.S. __, 139 S. Ct. 532, 539 (2019). Absent ambiguity, we can end our inquiry there. *Warren*, 820 F.3d at 407.

The Sentencing Guidelines took effect on November 1, 1987. U.S.S.G. Ch.1, Pt.A, Subpt.1, intro. comment. In 1986, "alter" meant "to cause to become different in some particular characteristic (as measure, dimension, course, arrangement, or inclination) without changing into something else;" "to become different in some respect;" or to "undergo change usually without resulting difference in essential nature." *Webster's Third New International Dictionary, Unabridged* 63 (1986).[1] "Obliterate" meant "to remove from significance and

---

[1] Other dictionaries defined "alter" as "to make different in some particular, as size, style, course, or the like;" to "modify;" or "to change [or] become different or modified," *The Random House Dictionary of the English Language* 60 (2d ed. 1987), and "[t]o change or make different;"

3

bring to nothingness[,] such as" (a) "to make undecipherable or imperceptible by obscuring, covering, or wearing or chipping away;" (b) "to remove utterly from recognition, cognizance, consideration, or memory;" or (c) "to remove from existence[;] make nonexistent[; or] destroy utterly all traces, indications, significance of." *Id.* at 1557. These definitions have persisted over time. *See Webster's Third New International Dictionary, Unabridged* 63, 1557 (2002).

Here, the district court did not err in interpreting or applying the law. The district court interpreted "altered" to mean "changed in some way," which is functionally indistinguishable from the ordinary meaning of "altered" as defined above. The district court justifiably rejected Millender's "significant alteration" standard because the plain language says "altered," not "significantly altered." And the district court properly declined to adopt an interpretation of "altered" that would require illegibility because that interpretation would render "obliterated" superfluous. *See Corley v. United States*, 556 U.S. 303, 314 (2009) (recalling a basic interpretive canon that we construe statutes to avoid rendering any part superfluous). Satisfied with the district court's take on the law, we now turn to its application.

---

"modify;" or "to change or become different," *The American Heritage Dictionary of the English Language* 99 (2d ed. 1982).

We see no clear error because the district court's application dovetailed with its interpretation.  Considering that "altered" means "changed in some way," and following its personal examination of the firearm, the district court concluded that "the serial number . . . has certainly been changed in some way."  The district court described the scratches on the serial number as "far more than a casual scratch mark."  "[T]here's no doubt in my mind," the district court said, "that someone at some point in that firearm's history took a knife or something sharp to that metal and scratched it in an effort to remove the serial number or to affect it in a way that it would not be legible."  In no way are we left with a definite and firm conviction that the district court committed a mistake in applying § 2K2.1(b)(4)(B).  *See Rothenberg*, 610 F.3d at 624.

## II

We review for clear error the district court's decision regarding a reduction for acceptance of responsibility under § 3E1.1, affording "great deference" to its decision.  *United States v. Moriarty*, 429 F.3d 1012, 1022 (11th Cir. 2005) (per curiam); § 3E1.1, comment. (n.5).  So "we will not set aside a district court's determination that a defendant is not entitled to a § 3E1.1 adjustment unless the facts in the record clearly establish that the defendant has accepted responsibility."  *Moriarty*, 429 F.3d at 1022–23.  "The defendant bears the burden of clearly

5

demonstrating acceptance of responsibility and must present more than just a guilty plea." *Id.* at 1023.

A defendant is entitled to a two-level reduction in his offense level if he "clearly demonstrates acceptance of responsibility." § 3E1.1(a). An additional one-level reduction is available upon motion by the government. § 3E1.1(b). A sentencing court may consider whether the defendant has voluntarily terminated or withdrawn from criminal conduct. § 3E1.1, comment. (n.1(B)). Entering a guilty plea before trial, plus "truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct . . . , will constitute significant evidence of acceptance of responsibility." *Id.*, comment. (n.3). But conduct "inconsistent with such acceptance of responsibility" may outweigh the other evidence. *Id.* Further, "[a] defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." *Id.*

Millender argues that the district court clearly erred when it denied him reductions under both § 3E1.1(a) and (b) for acceptance of responsibility. Starting with the two-level § 3E1.1(a) reduction, the district court concluded that Millender's positive drug tests and his abscondence from supervision constituted conduct "inconsistent with acceptance of responsibility." Thus, it denied him the reduction despite other conduct that indicated acceptance of responsibility.

6

Millender argues first that the district court clearly erred by considering his drug use and abscondence because they were "not relevant" to the criminal conduct underlying his conviction for being a felon in possession of a firearm. Second, he argues that the district court improperly considered that same conduct because his drug addiction made his conduct "involuntary." Neither of these arguments persuade us that the district court erred.

Contrary to Millender's first argument, a district court may properly consider evidence of a defendant's pretrial-release conduct, even if unrelated to his conviction, when analyzing a § 3E1.1(a) reduction. *United States v. Wright*, 862 F.3d 1265, 1279 (11th Cir. 2017); *United States v. Pace*, 17 F.3d 341, 343–44 (11th Cir. 1994). In *Pace*, after the defendant pled guilty to conspiracy to make false claims against the United States arising from a tax fraud scheme, the district court considered evidence of the defendant's unrelated pretrial conduct—a positive test result for marijuana and his admission to pretrial use—when it declined to reduce his sentence under § 3E1.1(a). *Id.* at 342. Like Millender does here, the defendant argued that the district court erred by relying on this conduct to deny the reduction "because his marijuana use was unrelated to his offense of conviction." *Id.* at 343. We held that "a district court is authorized to consider subsequent criminal conduct, even if it is unrelated to the offense of conviction, in determining whether a decrease for acceptance of responsibility is appropriate." *Id.* As a

7

result, we affirmed the district court's denial of a § 3E1.1(a) reduction. *Id.* at 344; *see also Wright*, 862 F.3d at 1279 (affirming district court's denial of the reduction based on a pretrial conviction for possession of marijuana when the sentence related to a conviction for tax-fraud conspiracy). Therefore, the district court did not err here either when it considered Millender's pretrial conduct that was unrelated to the conduct underlying his conviction to deny the requested § 3E1.1(a) reduction.

Next, Millender cites § 3E1.1, comment. (n.1(A) and (B)), for the proposition that a district court abuses its discretion—and increases punishment contrary to the guideline's intent—when it relies on involuntary conduct (such as conduct driven by drug addiction) to deny a § 3E1.1(a) reduction. But the commentary does not support his argument. The commentary lists "*voluntary* termination or withdrawal from criminal conduct or associations" as an appropriate consideration for granting a reduction. § 3E1.1, comment. (n.1(B)) (emphasis added). It does not list allegedly involuntary continuation of criminal conduct as an *inappropriate* consideration. Millender provides no support for his apparent contention that the guideline precludes the district court's consideration of his pretrial drug use and abscondence. And we do not independently see error in the district court's consideration of this conduct. Finally, we note that the district court did not increase Millender's punishment; it declined to reduce his offense level.

8

As for the § 3E1.1(b) one-level reduction, Millender ignores the necessity of a government motion, which he lacked, to qualify for the reduction.  And the district court correctly noted the government's role in that reduction's availability.

In conclusion, we see no error, much less one so clear that it defeats the great deference we afford the district court's decision in this context.  *See* § 3E1.1, comment. (n.5).  Accordingly, we affirm the sentence.

**AFFIRMED.**