**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 23-11853

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

STEPHEN D. REGIS, JR.,
   a.k.a. marinegrunt45,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:22-cr-00017-MCR-1

————————————

Before BRASHER, ED CARNES, and WILSON, Circuit Judges.

PER CURIAM:

Stephen Regis, Jr., gave vapes, drugs, and alcohol to under-age girls in exchange for their sending him lascivious pictures. He was convicted on seventeen counts, including several counts for

producing and possessing child pornography. Because some of the girls' pictures do not meet the statutory definition of child pornography, we must reverse three of Regis's convictions. In all other respects, we affirm.

## I.    BACKGROUND

In April 2021, law enforcement began investigating Regis, who was communicating with numerous girls between the ages of twelve and fifteen over the mobile application Snapchat. Law enforcement discovered that Regis supplied the girls with electronic vape cigarettes, alcohol, and marijuana and, in exchange, he requested that they send him nude videos and pictures of themselves. Regis also sent the girls sexual pictures and videos of himself, including videos of himself masturbating.

In March 2022, a federal grand jury returned a twenty-one-count indictment against Regis for child pornography offenses related to seven minor girls. In a superseding indictment, Regis was charged with production of child pornography, in violation of 18 U.S.C. § 2251(a), (e) (Counts One, Five, Nine, and Thirteen); receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), (b)(1) (Counts Two, Six, Ten, and Fourteen); possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2) (Counts Three, Seven, Eleven, Fifteen, Seventeen, and Nineteen); and transfer of obscene material to a minor, in violation of 18 U.S.C. § 1470 (Counts Four, Eight, Twelve, Sixteen, Eighteen, Twenty, and Twenty-One).

Regis pleaded not guilty, and the case proceeded to trial. During the two-day jury trial, the government called eleven witnesses, including seven minor girls from whom Regis requested nude photos in exchange for vapes. The government also called a special agent and two computer forensic analysts with the Department of Homeland Security (DHS), who seized Regis's phones and conducted forensic reviews of their contents. The analysts found pictures and videos of Regis masturbating saved to one of his phones as well as a Snapchat account with the username "marinegrunt45" and display name "Stephen Wilder." DHS Analyst Aaron Davis testified that he reviewed the "marinegrunt45" Snapchat account and discovered chat communications between the minor victims and the account, videos and images of Regis engaged in masturbation that he sent to the victims from the account, and videos and images of the minor victims received by and saved in the account.

Focusing on the counts that are relevant to his appeal, Count Nine for production of child pornography was based on two nude photos of Minor Female K2. At trial, there was some confusion about when Minor Female K2 created the two photos, before or after Regis asked for them. Minor Female K2 initially testified that some photos she sent to Regis "were saved" in her camera roll and others "were made" for him at his request. She then identified the two government exhibits as pictures of herself that she made and sent to Regis once he requested them. On cross-examination, Regis's counsel pressed Minor Female K2 on whether the photos already existed in her camera roll or whether she produced the two

photos specifically at Regis's request. Minor Female K2 responded that she had taken the photos with her "phone camera, not in Snapchat . . . but they were taken specifically for [Regis] to send to him." At further questioning, Minor Female K2 then said she believed the government exhibits were taken "previously."

Counts Five and Six for production and receipt of child pornography were based on four photos of Minor Female I. In two of them, the images show Minor Female I from the waist up, with her breasts visible to the camera. In another, the photo shows Minor Female I lying down in a patterned bra and G-string underwear. Her body is twisted so that both her buttocks and chest face the camera. In yet another, a composite image including multiple screenshots shows one screenshot of Minor Female I with a sweatshirt pulled up to expose her torso. She wears black underwear, the camera is angled so that her face is not pictured, her torso forms the center of the image, and her legs are crossed. During the two-day jury trial, Minor Female I testified that she took the photos to send to Regis at his request, and he supplied her with vapes and marijuana.

Count Seventeen was based on three photos of Minor Female J. In one, Minor Female J faces the camera with her shirt lifted and her hands partially covering her breasts. The image also shows that she is wearing black bejeweled underwear. A second image shows Minor Female J posed to the side so that the viewer can see her buttocks in a black thong and the side of her chest, covered by a black top. She covers her face with the phone used to take the

picture. In the third, a composite image with multiple screenshots shows one of Minor Female J, from her knees to her shoulders, in black bejeweled underwear and a black crop top. At trial, Minor Female J testified that she sent the photos of herself to Regis in exchange for vapes.

When the government rested, the court asked Regis if he planned to make a motion for judgment for acquittal. Regis's counsel responded that he did not because the motion would not be "well taken." At the close of trial, the jury found Regis guilty on all twenty-one counts. Later, the district court dismissed four counts as duplicative on the government's motion, leaving Regis convicted of seventeen counts.

At sentencing, the district court adopted the guidelines calculations in the presentence investigation report (PSI). The PSI guidelines calculation included two five-level enhancements under U.S.S.G. §§ 2G2.2(b)(5) and 4B1.5(b) for engaging in a pattern of activity of prohibited sexual conduct with multiple minors. Regis did not object to the guidelines calculations. The district court ultimately sentenced Regis to concurrent terms of twenty years of imprisonment and a lifetime of supervised release. It also imposed a mandatory $100 fee for each of the seventeen counts of conviction. Regis timely appealed.

## II.    STANDARDS OF REVIEW

The applicable standard of review in challenges to the sufficiency of the evidence depends on the degree to which the defense

raised the issue in the district court. We review preserved sufficiency challenges de novo. *United States v. Fries*, 725 F.3d 1286, 1291 (11th Cir. 2013). We review for plain error when the defendant raises a "general" challenge to the sufficiency of the evidence in the district court but fails to raise the specific challenge made on appeal. *United States v. Baston*, 818 F.3d 651, 663–64 (11th Cir. 2016).

But when, as here, "the defendant makes *no* challenge to the sufficiency of the evidence after the close of all evidence," our review is limited to correcting a "manifest miscarriage of justice." *Id.* at 663. Under this standard, we must affirm the defendant's conviction unless we find that "the record is devoid of evidence of an essential element of the crime or that the evidence on a key element of the offense is so tenuous that a conviction would be shocking." *Fries*, 725 F.3d at 1291 (internal quotation marks omitted). "In making this determination, we must view the evidence in the light most favorable to the government and accept all reasonable inferences and credibility determinations that support the jury's verdict." *United States v. Milkintas*, 470 F.3d 1339, 1343 (11th Cir. 2006) (per curiam).

Although we typically review the interpretation and application of the Sentencing Guidelines de novo, *United States v. Dupree*, 57 F.4th 1269, 1272 (11th Cir. 2023) (en banc), we review unpreserved sentencing objections for plain error, *United States v. Corbett*, 921 F.3d 1032, 1037 (11th Cir. 2019). "To establish plain error, a defendant must show: (1) an error; (2) that was obvious; and

(3) that affected the defendant's substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Rogers*, 989 F.3d 1255, 1261 (11th Cir. 2021). "[W]here the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *Corbett*, 921 F.3d at 1037 (quotation marks omitted).

## III.    DISCUSSION

Regis challenges four of his seventeen convictions[1] and his sentence. He makes three arguments: (1) the evidence was insufficient to support his conviction for production of child pornography on Count Nine; (2) the evidence was insufficient to support his convictions for production, receipt, and possession of child pornography on Counts Five, Six, and Seventeen; and (3) the district court plainly erred in applying sentencing enhancements because it found that Regis engaged in a pattern of activity of sexual conduct with a minor.

We address each in turn.

---

[1] Even though the district court imposed concurrent sentences of imprisonment and supervised release across the seventeen counts of conviction, we must review Regis's challenge to these four counts alone because the district court also imposed a $100 fee for each count of conviction. *See Ray v. United States*, 481 U.S. 736, 737 (1987); *see also* 18 U.S.C. § 3013(a)(2)(A).

A.    *Conviction for Production of Child Pornography (Count Nine)*

The government charged Regis with production of child pornography, alleging that he employed, "use[d], persuade[d], induce[d], entice[d], and coerce[d]" a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. *See* 18 U.S.C. § 2251. Regis contends that there was not sufficient evidence to establish that Minor Female K2 produced the sexually explicit photos at Regis's behest because Minor Female K2's testimony was ambiguous about whether she created the photos before or after Regis requested them.

But the evidence, when viewed in the light most favorable to the government, was sufficient to support the jury's verdict. Minor Female K2 testified she "made" the nude photos for Regis and sent them to him when he asked. She also testified that the photos were on her camera roll because she had taken them using her phone camera, not using Snapchat's camera feature, but she had taken them "specifically for [Regis] to send to him." This testimony entitled the jury to find that Minor Female K2 produced the photos in response to Regis's persuasion, inducement, or enticement, even if some of her other testimony was confusing or ambiguous. Because the evidence is sufficient to support his conviction, far from so tenuous as to make conviction shocking, Regis's conviction on Count Nine stands.

B.      *Convictions for Production, Receipt, and Possession of Child Pornography (Counts Five, Six, and Seventeen)*

Regis also challenges his convictions for production, receipt, and possession of child pornography in Counts Five, Six, and Seventeen. *See* 18 U.S.C. §§ 2251; 2252A(a)(2); 2252A(a)(5)(B).

To establish guilt on Count Five for production of child pornography, the government had to prove: (1) Regis knowingly and intentionally employed, used, persuaded, induced, enticed, or coerced (2) a minor (3) to engage in "sexually explicit conduct" (4) for the purpose of producing a visual depiction of such conduct (5) knowing that the depiction would be transmitted using any means or facility of interstate commerce. *Id.* § 2251(a). To establish guilt on Counts Six and Seventeen, the government had to establish that Regis (1) knowingly received and possessed, or accessed with an intent to view, (2) material containing "child pornography," (3) using any means or facility of interstate or foreign commerce. *Id.* § 2252A(a)(2), (a)(5)(B).

All three counts rely on common definitions of "child pornography" and "sexually explicit conduct." *See id.* § 2256. The statute defines "child pornography" as "any visual depiction . . . of sexually explicit conduct . . . ." *Id.* § 2256(8). In turn, the statute defines "sexually explicit conduct" as "actual or simulated" "sexual intercourse;" "bestiality;" "masturbation;" "sadistic or masochistic abuse;" or "lascivious exhibition of the anus, genitals, or pubic area." *Id.* § 2256(2)(A).

Here, the parties contest whether the photographs introduced at trial satisfied this definition. The government concedes that none of the pictures reflect actual or simulated sexual intercourse, bestiality, masturbation, or sadistic or masochistic abuse. But the government maintains that the pictures reflect a "lascivious exhibition of the anus, genitals, or pubic area."

We have acknowledged that "what constitutes a forbidden lascivious exhibition 'is not concrete,'" and must be determined "with respect to the actual depictions themselves." *United States v. Holmes*, 814 F.3d 1246, 1251 (11th Cir. 2016) (quoting *United States v. Williams*, 444 F.3d 1286, 1299 (11th Cir. 2006), *rev'd on other grounds*, 553 U.S. 285 (2008)); *see also United States v. Williams*, 553 U.S. 285, 301 (2008) (explaining that photographic material must "in fact" meet the definition of "sexually explicit conduct" to count as illegal child pornography). Our prior caselaw has focused on the first word in the phrase—"lascivious." *See United States v. Grzybowicz*, 747 F.3d 1296, 1305–06 (11th Cir. 2014) (defining a "lascivious exhibition" as "one that potentially excites sexual desires or is salacious") (internal quotation marks omitted and alterations adopted); *Holmes*, 814 F.3d at 1251–52.

Although Regis does not contest that the photographs are "lascivious," Regis contends that the pictures do not meet the statutory element because the photographs do not display or expose any minor's anus, genitals, or pubic area. More specifically, Regis argues that the statute requires nudity. Because none of the minors are nude, Regis contends that the photographs necessarily fail to

"exhibit[]" the relevant body parts. The government argues that a body part may be "exhibited" even if it is covered by cloth.

We need not resolve this question of statutory interpretation because we believe, even under the government's interpretation of the statute, the photographs that underlie Regis's three convictions do not meet the statutory standard.

The government points us to two out-of-circuit cases that have affirmed convictions when lascivious photographs focused on young girls' genitals or pubic areas, even though those areas were covered by clothing. The Third Circuit considered a case where videotapes showed minors "only in very tight leotards, panties, or bathing suits . . . spreading or extending their legs," which made "their genital and pubic region entirely visible to the viewer." *United States v. Knox*, 32 F.3d 733, 747 (3d Cir. 1994). Even though the "scantily clad genitals or pubic area" were ultimately covered, the Third Circuit acknowledged that they were nonetheless "'exhibited' in the ordinary sense of that word." *Id.* at 745. Similarly, the Eighth Circuit concluded that a jury could find that images lasciviously exhibited the pubic area when videos showed young girls "wearing swimsuit bottoms" "because of the way in which the pictures [were] framed." *United States v. Horn*, 187 F.3d 781, 790 (8th Cir. 1999). Although the girls wore "minimal clothing," the defendant took the shots from a freeze-framed video "at moments when their pubic areas [were] most exposed, as, for instance, when they [were] doing cartwheels; and these areas [were] at the center of the image and form[ed] the focus of the depiction." *Id.*

The government urges us to follow *Knox* and *Horn*. But, even assuming without deciding that those out-of-circuit precedents applied to this case, there would still be insufficient evidence to convict Regis on these counts. None of the relevant images in this case show the victims wearing sheer clothing through which their pubic areas, anuses, or genitalia are discernible. Instead, Regis's convictions on Counts Five, Six, and Seventeen are based on images of minors in which these areas are outside the frame of the camera entirely or are covered by opaque clothing or by other body parts.

The government suggests that some of these photographs exhibit the anus because they show the girls' buttocks. We disagree. From the perspective of these photographs, one cannot see the anus because it is hidden from view by the body itself. The buttocks may be exhibited, but the buttocks are not a statutorily listed body part in Section 2256(2)(A)(v).

The government also suggests that some of these images exhibit the pubic area because the girls are wearing underwear. Again, we disagree. Assuming without deciding that the government is correct that nudity is not required under the statute, we still cannot say these photographs exhibit the pubic area. This is not a case like *Knox*, where the subjects of the photographs were "spreading or extending their legs," which made "their genital and pubic region entirely visible to the viewer." *Knox*, 32 F.3d at 747. In the pictures underlying these counts, the pubic area is not at the

"center of the image" and does not "form[] the focus of the depiction." *Horn*, 187 F.3d at 790.

There is little doubt that Regis wanted Minor Female I and Minor Female J, like other girls he victimized, to send him photographs that would classify as child pornography. But Regis was not charged with or convicted of *attempting* to commit any child pornography offense. *Compare United States v. Burch*, 113 F.4th 815 (8th Cir. 2024). And we are not reviewing whether the evidence here would allow a reasonable jury to convict him of such an attempt crime.

Because none of these pictures meet the statutory definition of child pornography, the record is "devoid of evidence of an essential element" of these three counts. *See Fries*, 725 F.3d at 1291; 18 U.S.C. §§ 2251; 2252A(a)(2); 2252A(a)(5)(B). Regis's convictions on Counts Five, Six, and Seventeen cannot stand.

C.     *No Plain Error in Application of Sentencing Enhancements*

We will address Regis's sentencing arguments because they do not turn on the validity of his convictions for Counts Five, Six, or Seventeen. Section 4B1.5(b) of the Sentencing Guidelines provides a five-level enhancement when the offense is a covered sex crime and "the defendant engaged in a pattern of activity involving prohibited sexual conduct." U.S.S.G. § 4B1.5(b). The five-level 2G2.2(b)(5) enhancement applies "[i]f the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." *Id.* § 2G2.2(b)(5).

Regis argues that neither sentencing enhancement applies to him because the Guidelines require the commission of multiple acts against a single minor and his "pattern of activity" occurred with multiple minors. For support, he points to our decision in *United States v. Fox*, 926 F.3d 1275 (11th Cir. 2019), and the plain text of the Guidelines. As an initial matter, plain error is the correct standard of review because Regis did not object to the Guidelines calculation or the application of the enhancements before the district court. *See Corbett*, 921 F.3d at 1037.

We disagree with Regis that the district court committed plain error. In *Fox*, we held that Section 4B1.5(b) may apply when the defendant engages in the repeated illegal sexual conduct "with the same minor." 926 F.3d at 1279. In doing so, we rejected the defendant's argument that Section 4B1.5(b) "*requires* multiple victims." *Id.* (emphasis added). A plain reading of the phrase "pattern of activity involving prohibited sexual conduct" allows the 4B1.5(b) enhancement to apply where the defendant engages in prohibited sexual conduct multiple times against a single minor, a single time against multiple minors, or multiple times against multiple minors. All of these situations could count as a "pattern" in the ordinary sense of the word. Thus, the district court did not commit plain error when it applied the 4B1.5(b) to Regis's conduct involving multiple minors.

In a similar vein, Regis argues that Section 2G2.2(b)(5) does not apply to him because the requirement that the pattern of activity of sexual offenses involve "*a* minor" implies just one minor. *Id.*

(emphasis added). It is true that the article "a" may sometimes be synonymous with "one." *See Fox*, 926 F.3d at 1279. But "a" may also be used as a synonym for "any." *United States v. Warren*, 820 F.3d 406, 408 (11th Cir. 2016) (per curiam). "For example, if a speaker says, 'Give me *an* apple,' most reasonable listeners would interpret that as, 'Give me *any* apple,' or, 'Give me *just one* apple.'" *Id*. Applied here, Section 2G2.2(b)(5) applies when the defendant engaged in a pattern of activity of sexual abuse against *any* or *just one* minor. Because the enhancement could be interpreted either way, the district court did not commit plain error. *See Corbett*, 921 F.3d at 1037.

Notwithstanding the district court's concurrent sentences, we recognize that vacating some of Regis's counts of conviction will require a recalculation of his guidelines range on remand. *See United States v. Fowler*, 749 F.3d 1010, 1015 (11th Cir. 2014) (explaining that when some, but not all, counts of conviction are vacated on direct appeal, the district court on remand is "free to reconstruct the sentencing package . . . to ensure that the overall sentence remains consistent with the guidelines, the § 3553(a) factors, and the court's view concerning the proper sentence in light of all the circumstances"). But this may be a case when, after the district court has made its determination, "the defendant ultimately may gain nothing from his limited success on appeal." *Greenlaw v. United States*, 554 U.S. 237, 254 (2008).

## IV.    CONCLUSION

**AFFIRMED IN PART AND REVERSED IN PART.**